Approved: _____
Kathryn P. Wheelock
Assistant United States Attorney

Before:   HONORABLE PAUL E. DAVISON
          United States Magistrate Judge          **23mj3221**
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x   COMPLAINT
                                      :
UNITED STATES OF AMERICA              :   Violations of
                                      :   18 U.S.C. Sections
                                          2251(a),(e);
        -v.-                          :   875(d) and 2
                                      :
CAMERON McEWEN,                       :   COUNTY OF OFFENSE:
    a/k/a "X,"                        :   ORANGE
    a/k/a "Cam,"                      :
    a/k/a "dzys.wrld,"                :
    a/k/a "itzbeendrippy,"            :
    a/k/a "fendii,"                   :
    a/k/a "fendii.kashout,"           :
                                      :
            Defendant.                :
- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   PAO MEI FISHER, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

## COUNT ONE
### (Production of Child Pornography)

   1.   In or about April 2023, in the Southern District of New York and elsewhere, CAMERON McEWEN, a/k/a "X," "Cam," "dzys.wrld," "itzbeendrippy," "fendii," and "fendii.kashout," the defendant, knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually-explicit conduct for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be

transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce and mailed, and the visual depiction would be produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means including by computer, to wit, McEWEN, the defendant, while in Orange County, New York, communicated with a 16-year-old minor ("Victim-1") online and directed Victim-1 to take and send sexually-explicit photographs and videos of Victim-1 to McEWEN.

(Title 18, United States Code, Sections 2251(a),(e) and 2.)

## COUNT TWO
### (Extortionate Interstate Communications)

2. In or about April 2023, in the Southern District of New York and elsewhere, CAMERON McEWEN, a/k/a "X," "Cam," "dzys.wrld," "itzbeendrippy," "fendii," and "fendii.kashout," the defendant, while in Orange County, New York, knowingly and with intent to extort money and other things of value from a person, did transmit in interstate commerce a communication containing a threat to injure the property or reputation of the addressee, to wit, McEWEN sent messages to Victim-1 via Snapchat threatening to hack Victim-1's Snapchat account and cell phone if Victim-1 did not send him sexually-explicit images and videos.

(Title 18, United States Code, Section 875(d).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Special Agent with the FBI, assigned to the Hudson Valley Resident Agency and the Safe Streets Task Force. I have been a Special Agent with the FBI since 2017. During my tenure as a Special Agent, I have conducted and participated in numerous investigations of criminal activity involving crimes against children, including the receipt, possession, and/or distribution of child pornography by electronic means, sexual exploitation, and enticement of minors. I have gained expertise in these areas through training and daily work related to conducting these types of investigation.

5. I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement officers and others, and my examination of reports and records. Because this affidavit is being submitted for the

limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my experience and training, I am familiar with Snapchat. Snapchat operates a free-access social networking site. Snapchat allows users to establish accounts with Snapchat, which they can use to share photos, videos, messages, audio notes, and video notes with other Snapchat users. Snapchat's users may share "Snaps." A user takes a photo or video using their camera phone in real-time, which the user can then send to their friends on the social networking application. Unless the sender or recipient opts to save the photo or video, the message will be deleted from their devices (after the content is sent in the case of the sender, and after it is opened in the case of the recipient.

7. On or about April 18, 2023, I spoke to an investigator ("Investigator-1") with the Ketchikan Police Department in Ketchikan, Alaska ("KPD") who told me that, on or about April 4, 2023, KPD had received a report concerning contact on Snapchat between a 16-year-old minor ("Victim-1") and a male who used the Snapchat display name "X" and user account name "itzbeendrippy." Based on my conversations with Investigator-1 and my review of KPD reports, I am aware that Investigator-1 interviewed Victim-1, who provided the following information, in substance and in part:

    a. On or about April 2, 2023, Victim-1 was introduced to X by another individual ("Victim-2").

    b. Victim-2 told Victim-1 that she had a boyfriend on Snapchat named "Cam." Victim-2 stated that Cam told her that a Snapchat user named X had threatened to hack her account and devices if he did not have a female Snapchat user send X sexually-explicit images, including nudity. Victim-2 told Victim-1 that she had produced and sent X several sexually-explicit images and videos via Snapchat.

    c. Victim-2 told Victim-1 that X then demanded that Victim-2 either send him content in which Victim-2 was having sex with another person or add another female to the Snapchat chat who would also send him sexually-explicit images and videos. Victim-2 told Victim-1 that X threatened to release Victim-2's sexually-explicit images and videos to her friends and family, as well as hack into her accounts and devices and apply for numerous lines of

3

credit in her name, if she did not comply with his demand. X also threatened to harm Victim-2 and Cam if Victim-2 did not comply.

      d. Victim-2 asked Victim-1 to add X on Snapchat. Victim-1 added X to her existing Snapchat account.

      e. X then sent Victim-1 communications via Snapchat stating that he would hack Victim-1's Snapchat account and cell phone if Victim-1 did not send images or videos of Victim-1 having sex with another person or, alternatively, add another female who would send sexually-explicit images and videos to their chat on Snapchat. In response, Victim-1 created a new Snapchat account (the "Victim-1 Account") and added X to that account.

      f. Subsequently, on or about April 2 and 3, 2023, X directed Victim-1 (via the Victim-1 Account) to take photos and videos performing sexual acts, including masturbating while fully nude and spitting on her bare breasts and massaging the spit into her breasts. In response to these demands, on or about April 2 and 3, 2023, Victim-1 produced and sent X via Snapchat several sexually-explicit images and videos.

    8. Based on my conversations with Investigator-1 and my review of KPD reports, I am aware that Victim-1 provided Investigator-1 consent to review her cell phone ("Phone-1"). Investigator-1 reviewed the contents of Phone-1 and found screenshots of Victim-1's Snapchat messages with X which appeared to contain thumbnail images of Victim-1 nude. Investigator-1 showed Victim-1 the screenshots, and Victim-1 confirmed that Victim-1 created the screenshots and that they showed messages and content she shared with X from the Victim-1 Account.

    9. Based on my conversations with Investigator-1 and my review of KPD reports, I am also aware Investigator-1 logged into the Victim-1 Snapchat account on Phone-1 using account information provided to Investigator-1 by Victim-1. Investigator-1 identified an area on the Snapchat application where photos and videos shared between the Victim-1 Account and X had been saved. There, Investigator-1 found videos and images depicting a pubescent female engaging in sexual activity, including touching her genitals with her fingers while exposing her vagina to the camera and various acts exposing her nude breasts.

    10. I also logged into the Victim-1 Account using Victim-1's account information, and have reviewed a number of the photos and videos described in paragraph 8 and 9. My review revealed the following, among other things:

4

        a.   X instructed Victim-1 to "[s]pit on ur boobs m rub them then suck ur finger. Sound on. N go fast."

        b.   X told Victim-1 "[t]ake a vid on ur knees, looking over yr shoulder. N stick ur tounge out" and "[s]mack ur ass too like that."

        c.   X demanded that Victim-1 "[s]how ur pussy wit ur legs up rq again."

        d.   A three-second video sent from Victim-1 to X at 8:30 p.m. EST on April 2, 2023 depicting a naked pubescent female touching her genitals with her fingers while exposing her vagina to the camera.

        e.   A three-second video sent from Victim-1 to X at 2:38 a.m. on April 3, 2023 depicting a pubescent female, naked from the waist down, moving her right hand repeatedly over her genitals while exposing her vagina to the camera.

        f.   X demanded that Victim-1 add Cam on Snapchat. When Victim-1 stated that she did not know why she needed to add Cam, X stated "[u]r gonna be mine n his slut until u figure out how u want to end this."

    11.   Based on my conversations with an FBI agent based in Alaska ("Agent-1") and my review of KPD reports, I am aware that Agent-1 interviewed Victim-2, who provided the following information, in substance and in part:

        a.   Victim-2 met an individual on Snapchat with the Snapchat display name Cam, who she believed, based on her interactions with him, lived in New York. Cam offered to pay Victim-2 if Victim-2 produced and sent him nude photos and videos. Cam introduced Victim-2 to X for purposes of setting Victim-2 up with a bank account to transmit the money. Victim-2 provided X her social security number and full name for purposes of setting up the bank account.

        b.   After X obtained Victim-2's social security number and other information, X sent Victim-2 messages via Snapchat threatening that he would hack into Victim-2's phone and put her in debt if she did not send X sexually-explicit content via Snapchat. X also stated that if Victim-2 did not do what he said, he would harm both Victim-2 and Cam.

5

c. Victim-2 sent sexually-explicit images to X via her Snapchat account. An additional individual—who Victim-2 referred to as "Fendii" and who law enforcement later learned was associated with Snapchat user name "fendii.kashout"—contacted Victim-2 via Snapchat. Fendii purported to be in contact with X and demanded that Victim-2 continue to send X nude images.

d. X messaged Victim-2 that he would leave Victim-2 alone if she found another person to send X sexually-explicit content, at which point Victim-2 asked Victim-1 to "help."

12. Based on my conversations with Investigator-1 and Agent-1, as well as my review of KPD reports and Snapchat records, I am aware that the Snapchat display name "X" is associated with the user account name "itzbeendrippy," and the Snapchat display name "Cam" is associated with user account name "dzys.wlrd."

13. In connection with this investigation, I reviewed Snapchat records which included Internet Protocol ("IP") history for logins to Snapchat by dzys.wrld (i.e., Cam); itzbeendrippy (i.e., X); and fendii.kashout (i.e., fendii). I am aware that there were logins to all three of the user accounts listed above from IP address 69.206.202.226 (the "226-IP"), including multiple logins and activities from 226-IP on April 2 and April 3, 2023.

14. In connection with this investigation, I also reviewed records from Charter Communications. These records reveal that the subscriber of 226-IP is an individual with a particular residential address on Linden Avenue in Middletown, which is in Orange County, New York (the "Linden Avenue Address").

15. I have spoken to officers with the Orange County Probation Department and learned that CAMERON McEWEN, a/k/a "X," "Cam," "dzys.wrld," "itzbeendrippy," "fendii," and "fendii.kashout," the defendant, is currently on New York State probation and resides at the Linden Avenue Address.

16. Based on my review of a criminal history report pertaining to CAMERON McEWEN, a/k/a "X," "Cam," "dzys.wrld," "itzbeendrippy," "fendii," and "fendii.kashout," the defendant, I have learned, among other things, that on or about January 13, 2022, McEWEN was convicted in Orange County Court of rape in the second degree (person 18-years old or more has intercourse with a person less than 15-years old) in violation of New York State Penal Law § 130.30, and was sentenced to 10 years' probation and 10 years' post-release supervision. Accordingly, McEWEN was on New York State probation when he committed the offenses charged herein.

17. On or about April 21, 2023, United States Magistrate Judge Andrew E. Krause authorized a search warrant for the Linden Avenue Address. On April 24, 2023, I and other law enforcement officers executed the search warrant and seized two iPhones and one Samsung Galaxy cell phone (the "Cell Phones"). CAMERON McEWEN, a/k/a "X," "Cam," "dzys.wrld," "itzbeendrippy," "fendii," and "fendii.kashout," the defendant, who is 21-years-old, was at the residence at the time of the search and informed law enforcement that the Cell Phones belong to him.

18. The forensic review of the items seized on April 24, 2023 pursuant to the search warrant is ongoing. To date, the review of the Cell Phones has revealed, among other things, that the Cell Phones were logged into the fendii.kashout and Cam accounts on the Snapchat application.

19. I conducted an interview of CAMERON McEWEN, a/k/a "X," "Cam," "dzys.wrld," "itsbeendrippy," "fendii," and "fendii.kashout," the defendant. The interview was recorded. I began the interview with reading McEWEN his *Miranda* rights, which McEWEN waived. McEWEN stated, in substance and in part, that he was the sole user of the (1) dzys.wrld (*i.e.*, Cam); (2) itzbeendrippy (*i.e.*, X); and (3) fendii.kashout (*i.e.*, fendii) accounts. He also stated that he had messaged with and received photos and videos of Victim-1 via Snapchat.

WHEREFORE, deponent prays that the above-named defendant be arrested and imprisoned or bailed as the case may be.

*[signature]*
Pao Mei Fisher
Special Agent
Federal Bureau of Investigation

Sworn to me this 24th day of April, 2023

*[signature]*
HONORABLE PAUL E. DAVISON
United States Magistrate Judge
Southern District of New York

7